THOMAS MEEHAN AND CHARLES BALLANCE, PLAINTIFFS IN ERROR, *v.* ROBERT FORSYTH.

By the act of March 3d, 1823, entitled " An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois," the surveyor of public lands was directed to survey the lots. A certified copy of such survey is admissible in evidence. The survey in question was made in 1840.

Before the survey was made, Ballance made an entry of the quarter section, of which the lot in controversy makes a part, and a patent was issued to him, by which the United States granted it to him and his heirs, subject to the rights of any and all persons claiming under the act of Congress above mentioned.

This saving clause was designed to exonerate the United States from any claim of the patentee in the event of his ouster by persons claiming under the acts of Congress, and cannot be construed as separating any lots or parcels of land from the operation of the grant, or as affording another confirmation of titles existing under the acts of Congress described in it.

The possession of Ballance under this patent was adverse to that of a claimant under the Peoria grant, and therefore the statute of limitations ran upon it; he having had possession for more than seven years, with a connected title in law or equity, deducible of record from the State or the United States.

THIS case was brought up by writ of error from the Circuit Court of the United States for the northern district of Illinois. The case is stated in the opinion of the court.

It was argued by *Mr. Ballance* for the plaintiffs in error, and by *Mr. Williams* for the defendant.

Mr. Justice CAMPBELL delivered the opinion of the court

This is an action of ejectment commenced in the Circuit

Court for the recovery of a part of two lots of land in the city of Peoria by the defendant in error against the plaintiffs in error.

The title of the plaintiff in the Circuit Court (Forsyth) originated in the claim of Antoine Lapance, an inhabitant within the purview of the act of Congress, approved March 3d, 1823, entitled "An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois," which was surveyed the first of September, 1840, by the surveyor of public lands, and for which a patent issued on the first day of February, 1847. The plaintiff produced from the surveyor general's office a certified copy of the survey, according to which the location of the claim was made. This testimony was objected to, but was received by the court, and we think properly. An original of the plan of survey is retained in the office of the surveyor general, and a copy given by that officer, who is required to keep it, upon general principles is admissible in evidence. United States v. Percheman, 7 Pet., 51.

It was agreed on the trial, that the defendant Ballance, and those under him, had been in possession of the premises more than ten years before the commencement of the suit. This possession was shown by the facts, that he had cultivated a portion of the quarter section described in his patent for more than twenty years, and had resided on the quarter section for twelve years, and had paid taxes upon this parcel of land as a part of the said quarter section, but not as a separate subdivision. The plaintiff had not paid any of the taxes during that period. The defendant Ballance made an entry of the quarter section, of which the lot in controversy forms a part, in 1837, and a patent issued to him in 1838, by which the United States gave and granted to him and his heirs, subject to the rights of any and all persons claiming under the act of Congress of 3d March, 1823, before referred to.

The defendant moved the court to instruct the jury, that if they believe from the evidence that said Ballance has had the actual possession by residence on the land in controversy for more than seven years, under the title he has exhibited, the plaintiff cannot recover; and that the words in the patent of Ballance of January 28, 1838, "subject, however, to the rights

of all persons claiming under the act of Congress of March 3d, 1823, entitled 'An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois,' cannot operate as to lessen the estate vested by the granting part of the deed."

The court declined to give these instructions, but charged the jury: "That to constitute an adverse possession against the French claimants by the possession of another portion of the quarter section by the defendant, as his tenant, entry and possession must have been under a claim of title inconsistent with that of the French claimants. If the entry and possession were subject to the rights of the claimants existing under the acts of Congress, then such possession as stated could not be adverse, so long as that possession did not actually extend to the lot sued for."

The court further instructed the jury: "That when the defendant made application for a pre-emption, he stated it was made subservient to these French claims; and when the patent was issued by the Government to him for this fractional quarter, it was made subject to these claims; therefore, the grant made by the Government, as contained in the patent, did not necessarily operate as a conveyance of the entire quarter section to the grantee, but the clause inserted in the patent had the effect of excluding from the operation of the grant that portion of the quarter covered by these French claims; consequently, if at the time of the grant to Ballance there was any one capable of taking lot 63, under the acts of Congress of 1820 and 1823, then lot 63 was excluded by law and by the terms of the grant, and was excepted, (in other words, lot 63 was not granted to Ballance,) and he took his title subject to such exclusion or exception."

We think that the Circuit Court erred in its interpretation of this patent. The patent recites that "full payment" had been made by the grantee for the southwest fractional quarter of section nine, in township eight north, of range eight east, containing one hundred and forty-seven 43-100ths acres, according to the official plat of the survey of said lands returned to the General Land Office by the surveyor general; which said tract has been purchased by Charles Ballance. It proceeds to

declare that the United States had given and granted the said tract above described, to have and to hold the same to him and his heirs, subject, however, to the rights of any and all persons claiming, &c., &c. This saving clause was designed to exonerate the United States from any claim of the patentee, in the event of his ouster by persons claiming under the acts referred to, and cannot be construed as separating any lots or parcels of land from the operation of the grant, or as affording another confirmation of titles existing under the acts of Congress described in it. The possession of Ballance, under this patent, was adverse to that of the claimants under the acts of 1820 and 1823, in every case in which their claim was not specifically admitted by him. He was in no sense their tenant, nor did the saving in the act create any fiduciary relation between him and any other person, so as to prevent the operation of the statute of limitations. The patent does not impose upon him any duty to recognise these claims. It only requires him to accept the title of the United States with knowledge that such claims exist, and that they do not intend to deny or to destroy them, nor to defend his title against them.

The case of Bryan *v.* Forsyth, 19 How., 334, involved a controversy for a lot in the city of Peoria, similarly situated as that which forms the subject of this suit. The court, in that case, said that a patent with a saving like that we are considering was a fee-simple title on its face, and is such a title as will afford protection to those claiming under it, either directly or having a title connected with it, with possession for seven years, as required by the statute of Illinois.

The act of limitations of Illinois (Revised Statutes, 349, sec. 8) protects the claim of a person for lands, which has been possessed by actual residence thereon, having a connected title in law or equity, deducible of record from that State or the United States.

The title of the defendant, and the possession which he was admitted to have had, fulfilled the requisitions of the law, and the court should have given the instructions asked for, and erred in giving the instructions submitted to the jury.

Judgment reversed and cause remanded.