RICHARD GREGG AND CHARLES BALLANCE, PLAINTIFFS IN ERROR, *v.* ROBERT FORSYTH.

The possession of Ballance in the fractional quarter section of land spoken of in the preceding report of the case of Meehan and Ballance *v.* Forsyth, so as to entitle him to the benefit of the statute of limitations, need not have been by himself personally, but possession by a tenant under him enured to his benefit.

The circumstance that Ballance had laid out the land into lots and blocks did not make it necessary for him to reside upon every lot. The law only required him to possess and reside upon the premises claimed by his title papers.

The volumes of American State Papers, Public Lands, three of which were published by Duff Green, under the revision of the Secretary of the Senate, by order of the Senate, contain authentic papers which are admissible as testimony without further proof.

A party cannot object to the reading of a record and deed of sale, upon the ground that the proceedings had been irregular, when the parties to the decree had not complained of it. The objectors were strangers to these proceedings.

THIS case, like the preceding, of which it was a branch, was also brought up by writ of error from the Circuit Court of the United States for the northern district of Illinois, and was argued together with it by the same counsel.

Mr. Justice CAMPBELL delivered the opinion of the court.

This was an action of ejectment for a lot of land in the city of Peoria, in the State of Illinois, commenced by the defendant in error against the plaintiffs in error.

The title of the plaintiff in the Circuit Court is shown by a patent of the United States in favor of the legal representatives of Antoine Lapance, who was an inhabitant or settler within the purview of the act of Congress approved 3d March, 1823, entitled "An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois," which patent bears date the first day of February, 1847, and is founded upon an official survey of the first of September, 1840. The plaintiff deraigned his title from the patentees. In tracing his title he

read a document relevant to the cause from a volume of American State Papers, Public Lands, selected and edited under the authority of the Senate of the United States, by its Secretary, and printed by Duff Green. This was objected to, and the question reserved by the defendants. The volumes of the American State Papers, three of which were published by Duff Green, under the revision of the Secretary of the Senate, by order of the Senate, contain authentic papers which are admissible as testimony without further proof.

Watkins *v.* Holman, 16 Pet., 25. The plaintiff read a copy of a deed from the public records, the original of which was not in the possession of the plaintiff, and which, upon inquiry of the persons with whom it had been deposited, he was informed had been lost. This testimony authorized the admission of the copy as evidence. The deed in question had been regularly recorded. No suspicion attached to the instrument, and there was no reason to suppose that the better testimony was fraudulently withheld or could have been obtained by further inquiry. Minor *v.* Tillotson, 7 Pet., 99.

He also read in evidence a record of a suit of partition in the Circuit Court of Peoria county, which resulted in a decree of sale of the interests of a number of the parties, under which the plaintiff derived his title as a purchaser. The defendants objected to the record and deed of sale, because the sale had not been conducted with regularity, and the decree of sale had been rendered against infants, by default, and because it did not prescribe the manner of the sale. These, with other objections, were properly overruled by the Circuit Court. The defendants were strangers to these proceedings, and cannot be allowed to object to a result of which the parties to the decree have not complained.

The title of the defendants consisted of a patent from the United States to the defendant, Ballance, in January, 1838, for a fractional quarter section of land that includes the lot in controversy, and containing a saving of the rights of any and all persons claiming under the act of Congress of 3d March, 1823, entitled "An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois." He made proof

that he had resided on this quarter since 1844, and had cultivated portions of it for a long time previously, and had before and since that date let other portions of it to tenants who occupied it under him, and that the particular lot in controversy had been occupied by one of these tenants, who had upon it a distillery. Among other instructions, the defendants requested the court to charge the jury, "that if they should believe from the evidence that said Ballance, being in possession under the title he has exhibited, leased the particular spot of ground in controversy to Almiron S. Cole more than seven years before the commencement of this suit, and that said Cole took possession thereof, and built a steam distillery and other fixtures thereon more than seven years before the commencement of this suit, and that said Cole held possession thereof, and occupied it as a place of business, until he sold said establishment to Sylvanus Thompson, and that Sylvanus Thompson and his son-in-law, Richard Gregg, the defendant, occupied the same until the death of Thompson, and that said Gregg occupied the same until the commencement of this suit, the plaintiff is not entitled to recover in this suit; that it was not necessary for this defence that either the said Cole, Thompson, or Gregg, should have had his dwelling-house on the particular lot; it is sufficient if they lived in the vicinity and occupied the lot in controversy as their place of business." The Circuit Court refused to give these instructions, but charged the jury, "that if Ballance had his house on one part of the quarter, and his improvement extended over and included the lot in controversy, so as to be connected with his residence, and to form part thereof, or it was used in connection therewith, that would, within the meaning of the law, constitute actual residence. If Ballance built on one part of the quarter, and this lot was left vacant and unoccupied and unimproved, that would not, as to that lot, constitute an actual residence.

If Ballance, his tenants, or those holding under him, actually resided on a lot adjoining lot 63 for seven years immediately preceding the commencement of this suit, and during all that time occupied lot 63 as a place of business, as part and parcel of the premises so resided on by them, that would con-

stitute an actual residence within the meaning of the law, as to this lot in controversy. It is proper for the jury to consider the circumstances of the subdivision of the land into lots and blocks by Ballance, in April, 1846, and whether a severance of the holding as to the particular lots and blocks so subdivided was thereby enacted. When ground is subdivided in that manner under our law, there can be no doubt that different lots and blocks may be so occupied as to constitute an actual residence in them all; but ordinarily, in case of subdivision, the construction of a house on a separate lot or block, and a residence therein, without any connection with adjoining or neighboring lots or blocks, does not constitute an actual residence as to the whole. It is for the jury to determine whether the facts and circumstances stated by the defendant, Ballance, or those claiming under him, made them actual residents of the lot in controversy, for seven years before the commencement of this suit. If they did, then the defendants are within the protection of the statute; otherwise not."

This court, in the cases of Bryan *v.* Forsyth, 19 How., 334, and again in Meehan *v.* Forsyth, at this term, have decided that the saving in the patent under which the defendants claim did not create any fiduciary relation between the claimants under the act of Congress of 1823, referred to in it, and the patentee; and that the possession of Ballance, under his patent, was an adverse possession, unless another relation had been created by contract between them subsequently to the issuing of the patent. The present inquiry is, by what evidence must the actual residence on the land be supported to enable the patentee to have the benefit of the act of limitations for seven years? And it has been generally held, that the residence and possession of land for seven years by a tenant inures to the benefit of the landlord, so as to secure for him the protection of the act; and that this protection is not confined to the particular close upon which the claimant resides, but also extends to the entire parcel of land of which the legal possession has been maintained as a consequence of his actual possession and residence.

Poage *v.* Chinn, 4 Dana Ky. R., 50.

The case of Williams *v.* Ballance, 23 Ill., 193, involved a controversy similar to that before the court.

The inquiry there was as to the validity of the residence and possession of Ballance to support his defence of the statute of limitations, it being the residence and possession established by the testimony in this suit. The Supreme Court of Illinois inquires whether Ballance occupied the premises described in the patent since 1844, by actual residence thereon. "The fact," says the court, "is that he did, but he did not reside upon every square yard of the premises, nor upon the particular lot. Nor was this necessary. He resided upon the legal subdivision described in the patent, the evidence of his title, and possessed and occupied it by himself and tenants. We think the laying out the land into town lots did not deprive him of the benefit of the statute of limitations of 1835, as to all the fractional quarter, except the particular lot upon which his house stood. He had a right to divide it into as many lots, or portions, or divisions, as he pleased, and put a separate tenant on each, and their occupation would be his possession: and the law only required him to possess and reside upon the premises claimed by his title-papers, but the law does not say upon what portion he should reside, and, above all, it does not declare that he should reside upon every portion of it." The instructions of the Circuit Court are inconsistent with the law as thus laid down by the Supreme Court. In our opinion, the possession established by Ballance in this case was such as placed him under the protection of the statute.

Judgment reversed and cause remanded.