Mr. Justice CLIFFORD.
 

 These are writs of error to the Circuit Court of the United States for the Northern District of Illinois! Both suits were brought in the Court below by the present defendant against the respective plaintiffs in error. They were actions of ejectment, and were respectively commenced on the 18th day of November, 1854, to recover possession of certain but different parts of claim numbered seven in the village of Peoria, as confirmed to Thomas Forsyth under the Act of Congress, approved the 3d day of March, 1823, entitled
 
 *572
 
 an Act to confirm certain claims to lots in the village of Peoria, in the State of Illinois. In each case the defendants pleaded the general issue, and for the sake of brevity, it may be well to say, that the proceedings in the two suits, are so nearly alike that it will be unnecessary to refer to them separately, except in a few particulars, which will be specially noticed. Parties went to trial in both cases at the July Term, 1856, and the verdict in each, under the instructions of the Court, was in favor of the plaintiff, and the respective defendants excepted. Plaintiff claimed title in each case under a patent to the legal representatives of Thomas Eorsyth, dated the 16th day of December, 1845, and it was admitted at the trial that the plaintiff had that title. On the other hand, the - defendants in the respective suits claimed the premises under a patent issued to John L. Bogardus, dated the 5th day of January, -1838, and granting to him the southeast fractional quarter of section nine in township eight north, of range eight east, in the District, of lands subject to sale, at Quincy in the State of Illinois, subject, however, to all the rights of any and all persons claiming under the Act of Congress of the 3d of March, 1823, .entitled as already described. Premises in controversy' are included in that patent, and it -was admitted at the trial that the defendants in the respective suits have_ had the actual possession of the land for which they are sued by residences thereon for ten years next preceding the commencement of the.suits. Other admissions, as to the possession of the premises by the defendants, • were made at' the same time, but it is not necessary to refer to them in this investigation. Defendants in the first case requested the Court to instruct the jury that the title under which they claimed was a title deducible of record from the United States, and that the plaintiff, inasmuch as he admits that they had been in possession more than seven years before the suit was commenced, is barred by the Illinois Statute of Limitations; but the Court refused the prayer, and among-other things instructed the jury that the entry and patent under which defendants claimed were subj set to the rights of any and all persons claiming under the Act of Congress of the 3d of March, 1823, so that no one claim
 
 *573
 
 ing under the patent, and by virtue thereof, could' c' aim undei the Statute of Limitations for seven years to have e itered into the possession of the lot under the claim or color of title Prayers for instruction' substantially the same were also presented by the defendants in the other case, and the record shows that they were refused by the Court, and that the instructions given to the jury were in all respects the same as those already recited.
 

 1.
 
 It is insisted by the plaintiff, in the first place, that the bill of exceptions does not show that the rulings of- the Court in refusing to instruct the jury as requested, and in respect to the instructions given, were properly excepted to at the time the rulings were made. But sufficient appears to show that the prayers for instruction were presented, and the instructions given before the jury retired from the bar of the Court, and the statement at the close of the bill of exceptions and immediately following the instructions given is, that the “defendants then and there excepted” to the instructions, rulings, and decisions of the Court. Evidently the objection is substantially the same as that considered in the case of
 
 Dredge et
 
 al., vs.
 
 Forsyth,
 
 decided at the present term, and for the reasons thefre given it is overruled.
 
 United States
 
 vs.
 
 Brietling,
 
 (20 How., 252).
 

 2.
 
 In the second place, it is insisted by the plaintiff that the possession of the defendants were not adverse to the title of the plaintiff. He. states the proposition, but furnishes no explanation of the grounds on which it rests. Unless it is founded on the saving clause in the patent of the defendants, there is nothing in either case to give it the slightest support; and if it is founded upon that clause, it is a sufficient answer to it to. say, that it proceeds upon an erroneous view as to the legal effect of the patent.
 
 Bryan et al.
 
 vs.
 
 Forsyth,
 
 (19 How., 338);
 
 Mahan et al.
 
 vs.
 
 Forsyth,
 
 (24 How., 175);
 
 Gregg
 
 vs.
 
 Tesson,
 
 (1 Black., 150).
 

 3.
 
 Suggestion is also made by the plaintiff that the title of the defendants is not such as is required by law to secure to them the benefit of the seven years Limitation Act of the State of Illinois, but the point has been so frequently ruled otherwise by the State Court, and'by this Court, that we do not think it neces
 
 *574
 
 sary to give it any further examination. Suffice it to say, that in our opinion the- instructions requested should have been given, and those given should have been withheld. The respective judgments of the Circuit Court are accordingly reversed and the causes remanded, with instructions in each case to issue a new venire.