## MARINE CITY STAVE CO. *v.* HERRESHOFF MANUF'G CO.

*(Circuit Court, D. Rhode Island.* November 7, 1887.)

**1. EXCEPTIONS, BILL OF—WAIVER OF—REFUSAL TO SIGN.**

The trial, which resulted in a verdict for plaintiff, came to an end February 18, 1887. Defendant secured an extension of time to file a motion for a new trial, stating that he did not intend to proceed under his exceptions. The time was further extended on an *ex parte* application. The motion was then filed and argued before both the district and the circuit judges. A new trial was refused, and defendant, at the next term, and eight months after the trial, moved for signature of his bill of exceptions, and petitioned for a writ of error founded thereon. *Held,* that the motion should be overruled, and the writ refused, the exceptions having been waived, both expressly and by implication, and the bill being presented for signature neither within the term, nor within a reasonable time.[1]

[1] Bills of exceptions must be prepared and settled before the end of the term at which the cause was tried, Sweet v. Perkins, 24 Fed. Rep. 777; or within such time as the parties by their agreement, made part of the record, may stipulate; or within the time allowed by the court in its order to that effect, made in term-time and appearing in the record, Hake v. Strubel, (Ill.) 12 N. E. Rep. 676. A distinction is to be observed in this respect between the settling and allowance of a bill, which is an act judicial in its nat-

2. SAME—INSUFFICIENCY IN LAW—REFUSAL TO SIGN.

> Although the absence of good legal ground for the exceptions is not a sufficient reason for refusing to sign the bill when properly presented, it may yet be taken into consideration, when the bill is presented for signature under such circumstances, that to sign it would be a departure from the usual and proper practice.

At Law.   On motion that bill of exceptions be signed, etc.

*Walter B. Vincent,* for plaintiffs.

*Amasa M. Eaton* and *Benj. F. Thurston,* for defendants.

CARPENTER, J.   This is a motion that a bill of exceptions be signed, and also a petition for a writ of error founded on such bill of exceptions. The circumstances are so unusual that I think it convenient to state the grounds of my decision.

This case was tried before me with a jury, February 15, 17, and 18, 1887, in the November term of this court.   The plaintiffs offered proof tending to show that they purchased from the defendants, for about $13,000, a coil boiler and engine manufactured by the defendants; that the same were put by the servants of the defendants, and with their knowledge, but at the expense of the plaintiffs, in a steam-boat called "The Mary," on the St. Clair river; that the boiler and engine were constructed in a manner so negligent and unworkmanlike that the engine and shaft broke, and the boiler repeatedly collapsed or exploded, causing expense and detention of the boat from her business.   The defendants called as a witness John B. Herreshoff, president of the defendant company, who stated that he first saw McElroy, the president of the plaintiff company, through whom the contract in question was made, on December 1, 1881, and testified as follows:

> "He came there by an appointment made by telegraph between us, to see about a boat.   After he arrived there, we found that he wanted only the machinery.   *   *   *   After a short interview, wherein he explained what he wanted, *i. e.,* a boat that would beat others *in that same business in that vicinity,*—or 'all others,' I think was his phrase,—we recommended our largest machinery in a boat 120 or 130 feet long.   *   *   *"

He then further testified as to the dimensions and model of the boat which he recommended, and as to the dimensions and model of the boat in which the machinery was actually put, and as to the difference between them in respect to the power required to drive them.   In cross-examination the plaintiffs' counsel asked the witness the following question:

> "Now, Mr. Herreshoff, didn't you understand, as a matter of fact, that this boat for which you were to furnish the machinery was to be used on the St. Clair river for the purpose of doing a passenger and freight business?"

ure, and the act of signing and sealing the bill, which is merely ministerial. Id.   In *Alabama,* the bill must be signed during term-time, unless authorized to be signed after adjournment by consent or agreement of counsel.   Markland v. Albes, 2 South. Rep. 123.   But where one has done all in his power to procure the settlement of and signature to the bill, he cannot be prejudiced by the delay of the judge.   Davis v. Patrick, 7 Sup. Ct. Rep. 1102.

To which question the defendants objected, but it was admitted by the court, under notice of exception.

The jury found for the plaintiffs. Within two days after the entry of the verdict (which is the time limited by the rule in this circuit for filing a motion for a new trial) the counsel for the defendants appeared before me, and stated that the defendants would not proceed under their exceptions; and applied for an order extending the time within which they might file a petition for a new trial. I made an order allowing for that purpose two weeks from the entry of the verdict, and afterwards, on another *ex parte* application, extended the time to March 12, 1887. Within this last time the defendants filed their petition praying for a new trial on 10 distinct grounds, and the petition was heard by Judge COLT and myself, and held for advisement. In the mean time the November term came to an end, and the June term, 1887, of the court began. On the twenty-second day of October, 1887, in the June term, the motion for a new trial was denied and dismissed, and judgment was entered on the verdict on the following day. Within a few days after the judgment was entered, the bill of exceptions was presented to me, wherein is set out the fact of the admission in evidence of the above-recited question in cross-examination, against the objection of the defendant. The plaintiffs claim that no bill can now be allowed. I have come to the conclusion that it is not proper for me to sign this bill of exceptions for the following reasons.

1. The defendants have expressly waived their exceptions, and on the strength of such waiver they have obtained time to file a motion for a new trial, and have argued that motion before this court. *U. S.* v. *Jarvis*, 3 Woodb. & M. 217.

2. The defendants have, by implication, waived their exceptions by filing and bringing to a hearing their motion for a new trial. The motion for new trial should not be heard unless the exceptions are waived; and by calling on the motion for hearing, I think the defendants must be taken to have made their election between these two remedies. *Cunningham* v. *Bell*, 5 Mason, 161.

3. The defendants should have presented the bill for signature within the term at which the case was tried. It was early held by the supreme court that the bill must be signed within the term, unless by consent or by special order. *Ex parte Bradstreet*, 4 Pet. 102; *Walton* v. *U. S.*, 9 Wheat. 651; *Turner* v. *Yates*, 16 How. 14. This is a rule not alone for the protection of the judge, lest he should be asked to sign a bill after the recollection of the facts has faded from his mind. It is for the protection of the parties as well, that they may not be burdened with unnecessary delay and expense. I think they are entitled to have the rule enforced. It is suggested that this rule was established at a time when short-hand reports of trials were not usual, and the only dependence for a true statement of the exceptions was on the memory and the notes of the judge, and perhaps of counsel. But I find that the supreme court still consider the rule obligatory on the judges in the performance of this duty. *Muller* v. *Ehlers*, 91 U. S. 249. In that case, indeed, the court

say that, "as early as *Walton* v. *U. S.*, 9 Wheat. 651, the power to reduce exceptions taken at the trial to form, and to have them signed and filed, was, under ordinary circumstances, confined to a time not later than the term at which the *judgment was rendered.*" But a reference to the older cases will show, I think, that the term at which the bill must be signed, as meant in these decisions, was the term at which the exceptions were noted on the trial. Usually, of course, the judgment is rendered at the same term with the verdict, and it seems to me that the term "judgment was rendered," as used in the last-named case, must have been understood by the court to signify the term at which the trial was had, inasmuch as the older cases are quoted with approval and followed.

4. I think this bill is not presented within a reasonable time, and ought not to be signed unless the plaintiffs consent. Eight months have expired since the trial; the defendants have filed and argued a motion for a new trial, in the decision of which motion the error in the admission of this question and answer (if any there be) might have been corrected if the defendants had seen fit to allege it in their motion and argue it to the court; the defendants have explicitly waived their exceptions, apparently for the purpose, and certainly with the effect, of obtaining time to file a motion for a new trial and having it argued, for greater certainty, before two judges; and, finally, I am entirely unable to see that the exception as presented to me discloses any ground on which it may reasonably be argued that there was error. In addition, I cannot fail to see, from the transcript of the case which has been before us, that the same fact which is proven by the question and answer to which objection is made, was abundantly proven by witnesses for both plaintiffs and defendants, and was made the basis of instructions to the jury, without objection or exception noted by either party. I cannot see, therefore, how the parties could have been prejudiced by the admission of the question. I do not mean to say that the absence of good legal grounds for the exception is a reason why I should refuse to sign it if properly presented; but, when presented under these circumstances, I think I ought to take that question into consideration in determining whether I will depart from the usual and proper practice in such proceedings. *Greenway* v. *Gaither*, Taney, 227.

I think, therefore, it is unreasonable that this bill should, under the present circumstances, be signed, against the objections of the plaintiffs, and I so decide, and, so far as the decision of this question rests in my discretion, I am clear that I ought to refuse to exercise that discretion in favor of the defendants. *Dredge* v. *Forsyth*, 2 Black, 563; *Kellogg* v. *Forsyth*, Id. 571; *Nicoll* v. *Insurance Co.*, 3 Woodb. & M. 530.

The bill of exceptions will not be signed, and, as I understand the facts stated in the bill are the only ground of error, the petition for a writ of error will be denied.