**CHRISTENSEN v. UNITED STATES.**

No. 6185.

Circuit Court of Appeals, Seventh Circuit.

April 23, 1937.

Walter H. Bender, of Milwaukee, Wis., and John Elliott Byrne, of Chicago, Ill., for appellant.

L. Hugo Keller, of Milwaukee, Wis., for the United States.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

Appellant was indicted for unlawfully, wilfully, and knowingly concealing by trick a material fact for the purpose of defrauding, etc. the Home Owners Loan Corporation. Upon his conviction by the jury he was duly sentenced, from which sentence he presents this appeal. His assigned errors are failure to fully instruct the jury on the issue of intent, exclusion of evidence offered to establish absence of criminal intent, and refusal to direct a verdict of not guilty.

EVANS, Circuit Judge.

The evidence upon which conviction rests consists of proof that Christensen aided one Oster, resident of Racine County, Wisconsin, in applying for a loan from HOLC, an instrumentality of the United States in which the Government is the sole owner of its stock. Christensen was financially interested in a piece of real estate, holding the deed thereto which he claims was a mortgage to secure a loan for $5715.88 by him made. Christensen obtained an abstract which showed that while the paper title rested in him a judgment was entered against him for $946.99. Christensen eliminated, or caused to be eliminated, from the abstract the page of the abstract upon which the judgment appeared and caused another page to be substituted, with the same number of entries, which contained no reference to the judgment. He offered evidence to show that the deed of the property to himself was in fact only a mortgage, and he asserted that the judgment against him was never a lien upon the land because his interest therein was merely that of a mortgagee. It was for this reason, so he asserts, that he eliminated the page from the abstract and removed all evidence of the outstanding judgment.

The statute (18 U.S.C.A. § 80) upon which appellant was indicted reads as follows:

"§ 80. *Presenting false claims; aiding in obtaining payment thereof.* Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; or whoever, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, or for the purpose and with the intent of cheating and swindling or defrauding the Government of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

It appears that the Government, before acting on Oster's application, learned of the existence of the judgment and refused to make the loan. Certain expenses were incurred in examining the abstract and investigating the application. Somewhat later after the Government began inquiry into Christensen's action, the judgment was paid and satisfied.

At the trial, appellant offered evidence tending to show that he believed the judgment was unjust and was for a sum larger than his indebtedness. The court excluded this evidence, and error is assigned on such exclusion.

The fact that a judgment debtor believes a judgment rendered against him is excessive and is unjustifiable is not unusual. Such belief, whether sincere or not, does not, however, impeach the validity of the judgment, nor does it justify the judgment

debtor in removing the record of such judgment from an abstract of title to real estate upon which it was apparently a lien. This evidence was properly refused.

██ In the course of the trial the Government offered evidence which the court received, which bore on appellant's intent. His firm's stenographer testified that she made a false written statement supporting the reason which Christensen gave for deleting the abstract of one of its· pages. She said she made this false written statement at the request and urge of Christensen. Such evidence not only tended to contradict Christensen, but it indicated guilt on his part, so it is argued. Securing from one's stenographer in advance of a criminal charge a statement of facts known to him to be false is suggestive of a consciousness of criminal misconduct. Such evidence was somewhat persuasive on the issue of guilty knowledge and guilty intent. Appellant sought to overcome the effect of this testimony by offering the evidence of Cox, also in his office and at times engaged by him as his attorney. The court refused to permit Cox to testify. The record is as follows:

"(Defendant's Counsel:) If the Court please, in view of the testimony as to this statement here we will have to ask for some surrebuttal testimony. I would like to make a statement with reference to the position of the young attorney who is here, prior to his being called—

"The Court: (interposing) Active in the trial of the case?

"(Counsel) No. Mr. Cox has been assisting to a certain extent, but he is the man who prepared the statement and had the conference with Mrs. Kober.

"The Court: I do not think it is proper for him to be a witness.

"To which ruling defendant by his counsel then and there excepted."

Appellant asserts that Cox was not his attorney of record. The court's statement indicates that he was an attorney in fact and participated in the trial. He had been Christensen's attorney and apparently was acting in such capacity when he secured the affidavit in anticipation of a criminal charge.

Whether Cox was an attorney of record was not determinative of the admissibility of his testimony.

Jones' Commentaries on Evidence (Second Edition) § 2154, Vol. 5, page 4079, states the rule as follows:

"*Attorney as Witness Generally.*—There is no generally recognized rule of law which prohibits the attorney of a party prosecuting or defending in a civil action from testifying at the call of his client. The only incompetency of an attorney is as to communications of a professional nature between him and his clients to the disclosure of which they do not consent. There is no general incompetency arising out of the exercise of the profession, even for or against a client, or even as to confidential communications between attorney and client to the disclosure of which the client assents. * * *

"The practice of an attorney testifying on behalf of his client is, however, universally frowned upon. Generally the question of whether or not he should take the stand as a witness on behalf of his client is one which an attorney should decide for himself in the light of his professional pride as an attorney and a sense of his true position and duty. He should remember the attitude of the courts on the subject, and unquestionably, if the nature of his testimony would be such as to bear upon a disputed question of fact material to the merits of the cause, should withdraw as attorney. The dual relation of attorney and witness in and for a cause on trial is· not compatible with the conception of an attorney as an officer of the court and inclines to disrupt the normal balance of judicial machinery. It is tolerated at all only because occasionally proper in the interests of justice and because, rather than formulate a rule of absolute exclusion as has been done in some instances as to testimony by attorneys on disputed and material issues of fact, the great majority of the courts prefer to leave the question to the sound discretion of members of the bar with a threat of scathing reprimand in case of abuse. * * * Though occasionally necessary in the interests of justice, such occasions are rare, and even where the testimony of the attorney is seemingly indispensable the court should recommend counsel to withdraw from the cause.

" 'It is of doubtful professional propriety for an attorney to become a witness for his client *without first entirely withdrawing* from any further connection with the case, and an attorney occupying the attitude of both witness and attorney for his client subjects his testimony to criticism, if not suspicion, but, where the half of a valuable farm depends upon his evidence, he places

himself in an unprofessional position, and must not be surprised if his evidence is impaired. While the profession is an honorable one, its members should not forget that even they may so act as to lose public confidence and general respect.'

"On the other hand, as stated above, the competency of the attorney as a witness is conceded."

Cases holding similarly are two by this court (Freund v. Johnson, 46 F.(2d) 272; First Calumet Trust & Savings Bank v. Rogers, 289 F. 953). See, also, French v. Hall, 119 U.S. 152, 7 S.Ct. 170, 30 L.Ed. 375, and Newman v. Bradley, 1 Dall.(U.S.) 240, 1 L.Ed. 118. The court would have been justified in excluding Cox from further participation in the trial. His evidence was admissible, however, and its exclusion was error.

■ Appellant also assigns error because the court failed to sufficiently instruct the jury on the question of intent. Inasmuch as there must be a new trial, it is unnecessary to discuss this assignment of error. We think the accused was entitled to a definition of the crime and to specific instructions on the subject of criminal intention. The statute defines the offense which includes the intention which was a necessary element of the offense.

A new trial must be ordered and questions here argued will no doubt not reappear if the case be tried again.

The judgment is reversed with directions to grant a new trial.