### ASTLES et ux. v. QUAKER CITY BUS CO. et al.

No. 130, Docket 20362.

Circuit Court of Appeals, Second Circuit.

Jan. 27, 1947.

Philip R. Shiff, of New Haven, Conn., for appellant.

Richard Levin, of Hartford, Conn., for appellees.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an action brought by Mrs. Astles to recover for personal injuries which she sustained by reason of a collision between a bus of the Quaker City Bus Company and a truck whose owner was also named as a defendant. Her husband joined in the action in order to recover expenses incurred and to be incurred by him because of his wife's injuries. Federal jurisdiction rests on the diverse citizenship of the parties. The case was tried to a jury which brought in verdicts of $5,500 and $1,000 for the

wife and the husband respectively against the Bus Company only. The Bus Company moved for a new trial on the ground that the verdicts were excessive. From the judgment entered on the verdicts and from the order refusing a new trial, the Bus Company has appealed. The only error asserted is the denial of its motion for a new trial; consequently it is unnecessary to state further facts regarding the accident.

In a long line of authorities federal appellate courts have established the rule that they will not review the denial of a motion for a new trial for excessive or inadequate damages. It will suffice to cite Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439; Miller v. Maryland Casualty Co., 2 Cir., 40 F.2d 463; Flint v. Youngstown Sheet & Tube Co., 2 Cir., 143 F.2d 923; Houston Coca-Cola Bottling Co. v. Kelley, 5 Cir., 131 F.2d 627; Dean v. Century Motors, App.D.C., 154 F.2d 201. Where denial of the motion presents a question of law because the award of damages exceeds a statutory limit, or is made in pursuance of erroneous instructions on the measure of damages, or is clearly in contravention of the instructions, appellate review is permitted. See Fairmount Glass case, supra, 287 U.S. at page 483, 53 S.Ct. 252, 77 L.Ed. 439. But the case at bar presents no such issue. The only contention is that the trial court's refusal to set aside the verdicts was an abuse of discretion.

Whether the appellate court may reverse if it finds an abuse of discretion, was suggested but not decided in the Fairmount Glass case, 287 U.S. at page 485, 53 S.Ct. 252, 77 L.Ed. 439. Nor need we decide it, for there was no abuse of discretion here. The amount of the wife's recovery depended upon the extent and permanency of her injuries as to which the medical witnesses were not in agreement. Plainly it was for the jury to determine which set of experts to believe, and the judge committed no abuse of discretion in letting the verdict stand, even though he thought more credible the testimony which minimized her injuries. The situation as to the husband's verdict is similar. Under Connecticut law a husband may recover money paid, or which he will in the future have to pay, to employ others to perform the household work which his wife formerly did but can no longer do because of her injuries. Katz v. Cohn, 122 Conn. 338, 189 A. 594; Hansen v. Costello, 125 Conn. 386, 5 A.2d 880. Expenses of this character and for medical treatment incurred up to the time of trial totaled $526, and there was testimony that Mrs. Astles' incapacity would continue and she would require further treatment for some time. Under these circumstances refusal to set aside the verdict was not an abuse of discretion, even though the award of $1,000 be thought generous.

Judgment affirmed.