**UNITED STATES v. WEISS.**

No. 269, Docket 20590.

Circuit Court of Appeals, Second Circuit.

June 23, 1947.

I. Maurice Wormser and Joseph Leary Delaney, both of New York City, for appellant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Mario Pittoni, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges

CHASE, Circuit Judge.

The appellant was tried and convicted by the court, in the District Court for the Southern District of New York, a jury having been duly waived, on one count of an indictment charging the violation of 50 U.S.C.A.Appendix, § 311 and Selective Service Regulations 626.1(b), in wilfully failing to report to his Local Draft Board a fact which might change his classification. He has appealed from the judgment and sentence on the grounds (1) that the evidence was insufficient to prove the offense alleged and (2) that the above regulation is so vague and indefinite that it is void.

The basic facts were undisputed and stipulated to the following effect. The appellant is an American citizen born in 1909 and was living in Brooklyn, N. Y., with his wife and one child when the United States entered World War II. He is a lawyer and was then retained by, and performed legal services for, the Transogram Company in New York City. He had previously registered under the Selective Training and Service Act at Coudersport, Penn., where he was visiting temporarily and had been classified on March 24, 1941, by his local board in Brooklyn in Class III-A because he had one child born on October 2, 1941.

On September 4, 1943, his local board notified him that an examination of his file indicated that his then present occupation was a non-deferable one and advised him to transfer to some other position or to register with the United States Employment Service, and he was given thirty days to do so before being reclassified to I-A. On September 13, 1943, he began to work for the Universal Camera Corporation, which was wholly engaged in war work, and after a training period became a supervisor on the night shift there. That employer so reported to his local board which continued his classification III-A. Following that, he continued to perform legal services for the Transogram Company and also to work for the Universal Camera Company. Nevertheless on March 30, 1944, his classification was changed to I-A and he was so notified. Thereafter his local board, upon being advised that he was actually engaged in war work because of his employment by the Camera Company, on or about July 5, 1944, reclassified him in the occupa-

**448**

tionally deferred classification II-B and he thereafter remained so classified.

Meanwhile, however, work at the Camera Company had become slack and, his services not being needed, he had been given what is called a leave of absence on June 3, 1944, because of that fact and a doctor's certificate he obtained and furnished to his employer stating that he had complained of nervousness, loss of weight and fatigue and that the doctor had advised him to "take a rest at his earliest convenience." He never did go back to work for the Camera Company, which apparently did not require his services, and he never notified his local board that he was no longer working there but was on a leave of absence. He was indicted and tried after his actual status had been brought to light by special agents of the F.B.I., some six or seven months after his leave of absence started.

We recently held that the above regulation was valid despite an attack upon it similar to the one here made and now adhere to that decision. United States v. Wain, 2 Cir., 162 F.2d 60.

 The remaining question is whether the trial judge was justified in deciding that the appellant knowingly and wilfully failed to report to his local board, after he had been reclassified in Class II-B because of his employment as a war worker, that his status had changed from that of an actual worker to that of a person on leave of absence. He was, as the judge noted, a lawyer who had some familiarity with the duties of registrants as well as a registrant to whom a card had been given on which he was admonished "(3) to notify it (the local board) of any fact which might change your classification." His failure to report the change to his local board was proved without contradiction and while it was necessary to prove his criminal intent beyond a reasonable doubt, United States v. Hoffman, 2 Cir., 137 F.2d. 416 that was a fact which the trial judge might infer, as he did, from all the relevant cirumstances. Though failure to report a short leave of absence could well have been due to his belief that he would soon be at work again, that excuse could hardly within reason continue as month succeeded month without

the occurrence of anything, so far as this record shows, to justify him in retaining that belief. On the contrary it was an amply justified inference that his failure to report that he was not at work was due to his desire to have that fact remain undisclosed to his local board so long as possible in order to prevent or delay his reclassification into a non-deferred class. United States v. Wain, supra. See, United States v. Crimmins, 2 Cir., 123 F.2d. 271.

Judgment affirmed.