### UNITED STATES v. PETRIE.
#### No. 10010.

United States Court of Appeals
Third Circuit.

Argued Oct. 10, 1949.

Decided Sept. 19, 1950.

Kalodner, Circuit Judge, dissented.

Jacob Kossman, Philadelphia, Pa., for appellant.

Fred I. Noch, Philadelphia, Pa. (Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, KALODNER, Circuit Judge, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

The defendant was convicted by a jury of the crime of knowing failure to do an act required of him by the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., and the rules and regulations adopted pursuant thereto. The indictment, which follows almost word for word that considered in United States v. Lembo, 3 Cir., 184 F.2d 411, this day decided, was tested by motion to dismiss, which was denied. It is probable that the same considerations as to duplicity and indefiniteness of the indictment might require the same result in this case. In his instructions, the capable Trial Judge submitted all the allegations of the indictment to the jury without segregating them or finding some were not proved, as he did in the former case. This would require remand. But the confusion as to the nature of the charge noted in the Lembo case was bewildering because here enhanced by two errors which themselves would require reversal. The instructions to the jury did not include any statement quoting or accurately giving the substance [1] of Selective Service Regulation 626.1-b. This was an error,[2] which, coupled with the nebulous verbiage of the indictment, left the jury to speculate as to the basis for a finding of guilt. Furthermore, there was no instruction that a criminal intent was required for conviction,[3] to which exception was taken.

Reversed and remanded with directions to dismiss the indictment.

BIGGS, Chief Judge (concurring).

The indictment in the instant case is substantially similar to that found in the case of United States v. Lembo, No. 10,009, 3 Cir., 184 F.2d 411. For the reasons stated in my concurring opinion in that case I agree with Judge FEE that the indictment must be dismissed.

KALODNER, Circuit Judge (dissenting).

Since I agree that the indictment in this case is comparable to that in the case of United States v. Lembo, No. 10,009, 3 Cir., 184 F.2d 411, my position with respect to the indictment there is applicable here as well.

However, the instant case was tried before a jury, and as pointed out in the opinion of Judge FEE there occurred errors which have been judicially determined to be harmful. Of particular moment to me is the failure of the learned trial judge to properly represent the content of the pertinent regulation in his charge to the jury.

Accordingly, I should direct a new trial.

1. The jury were not told that the registrant was required only to report a fact "that might result in such registrant being placed in a different classification."

2. United States v. Pincourt, 3 Cir., 159 F.2d 917; Morris v. United States, 9 Cir., 156 F.2d 525, 169 A.L.R. 305; United States v. Max, 3 Cir., 156 F.2d 13; United States v. Noble, 3 Cir., 155 F.2d 315; United States v. Levy, 3 Cir., 153 F.2d 995.

3. United States v. Weiss, 2 Cir., 162 F.2d 447, 448, citing United States v. Hoffman, 2 Cir., 137 F.2d 416. Cf. Christensen v. United States, 7 Cir., 90 F.2d 152, 155; United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Keegan v. United States, 325 U.S. 478, 494, 65 S.Ct. 1203, 89 L.Ed. 1745; Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534.