### FOLEY v. CAPONE ELECTRI-CAL CO., Inc.

**No. 147, Docket 22211.**

United States Court of Appeals Second Circuit.

Argued Jan. 9, 1952.

Decided Feb. 27, 1952.

Samuel Engelman, Bridgeport, Conn., for defendant-appellant.

Brennan & Daly, Daniel E. Brennan, Jr., and James J. A. Daly, all of Bridgeport, Conn., for plaintiff-appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

On January 11, 1950, while employees of the appellant, a New York corporation, were dismantling Christmas decorations from a temporary pole which it had erected on the north side of Fairfield Ave., in Bridgeport, Conn., the pole broke and a part of it hit the appellee's intestate, a citizen of Connecticut, who was walking along the sidewalk. He received injuries from which he died some months later. This suit was brought to recover damages for such injuries and the appeal is from a judgment on a verdict for the plaintiff.

The pole was of fir wood, twenty-four feet long and four inches square. It was held upright by a braced pyramid at the base filled with about a thousand pounds of sand and four guy wires attached near the top. The dismantling required that it be lifted out of the pyramid and the guy wires detached. This was being done when, after two of the wires had been cut from the pole, a gust of wind caused the top twelve or fifteen feet to break off and slip from the grasp of the man who was holding it. The broken piece fell against a nearby building and part of it struck and injured the decedent as above noted.

The day was windy and the appellant's evidence tended to show that a sudden gust of wind, more violent than usual, caused the pole to break; that about thirty-eight similar poles had been previously dismantled that day without incident; and that the pole which broke had been inspected and found free from any defects both before it was erected and before it was dismantled. Other evidence was to the effect that wind conditions were about the same throughout the time the work was being done. In a charge to which no exceptions were taken, the judge submitted the question of the appellant's negligence to the jury primarily upon the theory of *res ipsa loquitur,* although the adequacy of the inspection was also left for the jury.

Error in the denial of motions for a directed verdict and to set aside the verdict is relied upon for reversal on the ground that the so-called doctrine of *res ipsa loquitur* is inapplicable, that there was otherwise no proof of negligence and because

the verdict was excessive. Since the charge explained to the jury what is meant by *res ipsa loquitur* in a way to which no objection was made, and which we also find satisfactory, we shall turn at once to its applicability to this situation as a matter of Connecticut law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188.

It is clear that the jury could have found from the evidence that, under the conditions then prevailing, a pole such as this would not break if due care was exercised in dismantling it. There was, of course, the evidence of the unusual gust of wind but it was for the jury to determine whether such evidence was credible and, if found to be so, whether it was an act of God for the consequences of which the appellant was not liable or was but something which was so expectable that proper precautions to guard against its occurrence were required and negligently omitted. It may be noted in this connection that the charge is now criticized for being confusing as to what constitutes an act of God but the fact that no exception was taken shows this to be an after-thought. In any event, we think the criticism ill founded. Cf. Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co., 116 Conn. 496, 165 A. 691.

The evidence of the appellant tending to show that its employees did exercise due care under the circumstances was, of course, not conclusive. The jury may not have believed that the precautions thus shown to have been taken were actually taken or that, even if taken, they were commensurate with the amount of care required. Therefore, the fact that the pole did break under the circumstances shown makes this a proper case, under Connecticut law, for the application of the *res ipsa loquitur* doctrine. Motiejaitis v. Johnson, 117 Conn. 631, 169 A. 606.

The medical evidence was ample to justify the jury in finding that the accident caused the decedent's death though other evidence indicated another and independent cause which, the appellant argues, required the verdict to be set aside. How-

ever, a general verdict cannot be set aside merely because a jury drew reasonable inferences from the evidence and failed to draw opposing inferences that an appellate court may think equally reasonable. Bolan v. Lehigh Valley R. Co., 2 Cir., 167 F.2d 934. Nor does the refusal to set aside the verdict because of allegedly excessive damages present any ground for reversal. Miller v. Maryland Casualty Co., 2 Cir., 40 F.2d 463; Herzig v. Swift & Co., 2 Cir., 154 F.2d 64, certiorari denied 328 U.S. 849, 66 S.Ct. 1122, 90 L.Ed. 1622. Whether it would be a ground for reversal if there had been an abuse of discretion we have no occasion to consider since none has been shown. Astles v. Quaker City Bus Co., 2 Cir., 158 F.2d 979. Cf. Southern Pacific Co. v. Guthrie, 9 Cir., 186 F.2d 926, certiorari denied 341 U.S. 904, 71 S.Ct. 614, 95 L.Ed. 1343; Chase v. Fitzgerald, 132 Conn. 461, 45 A.2d 789, 163 A.L.R. 247.

Judgment affirmed.

SWAN, Circuit Judge (concurring).

I concur in the result. The charge to the jury on the subject of negligence included the issue whether the defendant ought to have foreseen the danger of a violent gust of wind and taken precautions against it. There was no error in leaving this issue to the jury. Since no exceptions were taken to the charge, I do not find it necessary to consider what the charge said with respect to *res ipsa loquitur* and an act of God.