Leon SILVERMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15155.

United States Court of Appeals, Eighth Circuit.

March 10, 1955.

Linus J. Hammond, St. Paul, Minn. (Cummins, Cummins, Hammond & Ames, St. Paul, Minn., on the brief), for appellant.

Clifford Janes, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and COLLET, Circuit Judges.

COLLET, Circuit Judge.

Defendant appeals from his conviction on a charge of knowingly failing to report for induction into the armed forces of the United States in violation of § 462, Title 50 U.S.C.Appendix.[1]

[1] "§ 462. Offenses and penalties. (a) Any * * * person * * * who * * * evades * * * service in the armed forces or any of the requirements of this title * * * or of said rules, regulations, or directions, or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title, or rules, regulations, or directions made pursuant to this title * * * shall, upon conviction * * * be punished by imprisonment * * *." 50 U.S.C.A.Appendix, § 462.

Defendant registered when he became 18 years of age in July, 1949. July 14, 1950, he received his questionnaire, which he immediately filled out and returned to his local draft board at St. Paul, Minnesota. He claimed no exemptions. September 8, 1950, he was classified I–A and duly notified. December 16, 1950, he applied for a tourist passport to Israel. It was issued December 26, 1950. Without notice to or permission from his draft board he sailed from New York January 15, 1951, arriving at Haifa, Israel, February 2, 1951. In registering, defendant gave his father's name and address in St. Paul as the person who would know his whereabouts at all times. January 19, 1951, the local board mailed to defendant at his St. Paul address an order to report on February 3, 1951, for physical examination. He did not receive the notice and being in Israel at that time he did not report as ordered. The board, not receiving word from him in response to its order, wrote his father February 19, 1951, requesting his address. The father by letter gave the board his address in Israel February 20, 1951. February 23, 1951, the board wrote defendant at his address in Israel, directing him to return to the United States by May 28, 1951, for physical examination, and advised him that if he did not do so he would be declared delinquent. Defendant received the letter of February 23, 1951. April 30, 1951, he answered the board's letter, stating that he had insufficient funds to return and asked a six months extension. That letter was received by the board May 8, 1951. On the same day the board mailed defendant its usual formal order directing him to report at St. Paul, Minnesota, for induction on June 6, 1951. The order was sent by ordinary mail to defendant's Israel address. Defendant testified he did not receive the order. He did not report. June 8, 1951, the state legal advisor to the local board suggested that defendant be given another notice and advised that he could report for physical examination at one of three designated places in Europe. He was advised by letter from the draft board, dated June 11, 1951, as suggested by the legal advisor and told that he would be declared delinquent if he did not report for physical examination by August 11, 1951. Defendant did not respond to this advice or direction to the draft board but did consult with United States authorities at Jerusalem about it. September 28, 1951, the local board reported defendant to the United States Attorney as delinquent. It appears that thereafter the state legal advisor suggested that the local board write defendant again, advising him that if he did not report to the board or at least take the physical examination within sixty days he would be prosecuted. It was suggested that a copy of the letter be sent the father. The board carried out the suggestion November 7, 1951. The father brought the board a new address for defendant, to which new address the letter was resent. Defendant testified that he did not receive it. At the trial he testified to communications and interviews he had with the American Consul and Vice-Consul at Jerusalem relative to arrangements to return to the United States. He returned to the United States November 13, 1953, arriving at New York. He was held at Ellis Island until May 11, 1954. He arrived in St. Paul May 19, 1954, and reported to his local board. The grand jury had indicted him in September, 1953, for failing to report on June 6, 1951.

The case was submitted to the jury upon the theory that although the indictment charged the failure to report for induction on June 6, 1951, the offense of failing to report, if in fact it was knowingly committed, was a continuing one. The jury was instructed that if the defendant "knowingly" failed to report at any time between June 6, 1951, and the date of the return of the indictment, he might be convicted of the offense as charged. Defendant contends that, if committed, the offense

was complete on June 6, 1951, and that to treat it as a continuing offense was error. It is argued that the mere continuance of the result of the alleged crime does not continue the crime. Pendergast v. United States, 317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 368; United States v. Kissel, 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168; Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196; and United States v. Irvine, 98 U.S. 450, 25 L.Ed. 193, are cited in support of this contention. All of those cases dealt with the application of statutes of limitation. Although there was only one offense charged, that offense was failure to report for induction. By the Selective Service Regulations, § 1642.2, 32 C.F.R., it is made a continuing offense.[2] No assault is made upon this regulation. The nature of the offense charged is such that it may upon proper proof be a continuing one. Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; United States v. Kissel, 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168. The offense charged and proved was a continuing one. There was no error in so instructing the jury.

■ Defendant moved for a directed verdict on the ground that the evidence did not establish the charge. The evidence is said to be, at most, as consistent with innocence as with guilt. In that event it would not sustain a conviction. Isbell v. United States, 8 Cir., 227 F. 788. The question of the defendant's guilt was for the jury. If, as he contended then and now, he left this country without knowledge that he should have obtained permission from his draft board to leave the country, and without any intent to evade his duty, and was unable to return pursuant to the notice to report for induction because of lack of funds or other reasons beyond his control, did not remain away for the purpose of evading the draft, and had been able to convince the jury that such was the true situation, the jury would have been justified in acquitting him. But if, on the contrary, the jury concluded from the evidence that he left the country long after his registration date, soon after the outbreak of hostilities in Korea, when he might well have expected a call for military duty, for the purpose of evading his duty, and stayed in Israel until after the Korean hostilities were over for the purpose of evading his duty, his conviction would have followed. Either conclusion would have found support in the evidence. The question was a simple one. That question was one of intent. The argument is made that it was improper for reference to have been made to the Korean hostilities, to the notice to defendant to report for physical examination and his failure to report therefor, to his failure to notify his draft board of his intended departure from this country or to obtain permission to do so, to his failure to keep the board advised of his address, and similar incidents. Defendant says the result of bringing those things into the case was to show the commission of offenses other than that charged, all to his prejudice. But all related to and had a legitimate bearing upon the crucial question—that of the defendant's intent. If he intended by his conduct to evade his duty, he was guilty.

■ The record indicates to us that defendant's only real defense was that he had no criminal intent in conducting himself as he did. That he did not intend to evade the draft when he went to Israel. That he did not intend to evade the draft when he did not return. That his failure to respond to his draft board's order (which the jury was justified under the law in assuming he received), was because it was

2. "§ 1642.2. Continuing duty. When it becomes the duty of a registrant or other person to perform an act or furnish information to a local board or other office or agency of the Selective Service System, the duty or obligation shall be a continuing duty or obligation from day to day and the failure to properly perform the act or the supplying of incorrect or false information shall in no way operate as a waiver of that continuing duty." 32 C.F.R. § 1642.2.

impossible for him to do so. And that such impossibility resulted from causes beyond his control and not of his making. That was a legitimate defense under the law. To constitute the offense charged there must be an intent to evade the purpose of the law. The adjudicated cases recognize the necessity for a criminal intent. In United States v. Hoffman, 2 Cir., 137 F.2d 416, 419, the question involved was the defendant's intent—whether he reported to his draft board to be inducted as ordered, or to debate and argue about it. The board's clerk said he refused to be inducted. Defendant said he reported for the purpose of being inducted. The court said:—"the real question is as to his intent when he arrived * * * the statute requires something more than mere failure, (to report on time) for the accused must 'knowingly fail or neglect to perform' a statutory duty. * * * That the court interpreted this language as meaning the usual criminal intent seems also correct. Cf. Nosowitz v. United States, 2 Cir., 282 F. 575, 578; United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Townsend v. United States, 68 App.D.C. 223, 95 F.2d 352, certiorari denied 303 U.S. 664, 58 S.Ct. 830, 82 L.Ed. 1121." See also United States v. Petrie, 3 Cir., 184 F.2d 417. But if criminal intent may be inferred from proven facts and circumstances, a contention that the proof fails to sustain a finding of criminal intent is without merit. United States v. Weiss, 2 Cir., 162 F.2d 447. There was abundant evidence in this case to support that inference and finding.

The defendant contends, however, that the court's charge was erroneous because it did not require a finding of willful intent to evade service, or specifically, the board's order, as a basis for conviction. It is argued that the jury was left free to convict on the basis of the mere fact that defendant necessarily knew that he did not report for induction in accordance with the board's order, without regard to whether his situation in Israel made it physically impossible for him to do so and whether his failure was the result of an intent on his part to evade.

■ A majority of the court feel that there is no merit in this contention, on the court's charge taken as a whole. It is their view that the jury could not reasonably have believed that the way was open to them to convict on the mere fact that defendant knew that he did not report, in the light of the court's direction to them to "consider his (defendant's) reasons for his conduct and what he did;" of its statement to them that they had the right to ask themselves "why the defendant left this country," and to evaluate the circumstances in relation to his going to Israel, the length of his stay, his having his visa changed in Israel from a tourist to a student status, his engaging in employment there, and the time and conditions of his return home; of its caution to them that they could return a verdict of guilty "if from a consideration of all the evidence you are satisfied beyond a reasonable doubt that the defendant failed, neglected and refused to report in accordance with the notice knowingly;" and of its winding up the entire substantive aspects of its charge, with this concluding summary and direction: "Take into consideration all these important facts in this case and undertake to arrive at a conclusion as to the why's and wherefore's and whether the defendant knowingly failed and neglected and refused to report in accordance with the notice given him by the Board."

Other assignments are not found to be of sufficient merit to warrant further discussion. The judgment is affirmed.