Kostas KENTRI, Plaintiff-Appellant,

v.

METRO PETROLEUM SHIPPING COMPANY, Inc. and Mar Trade Corp.,
Defendants-Appellees.

No. 85, Docket 23648.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1955.

Decided Dec. 20, 1955.

Stuart, Dukas & Christy, New York City (Asher Marcus, New York City, of counsel), for the plaintiff-appellant.

Frederick H. Cunningham, New York City, for defendants-appellees.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

Plaintiff brought action in the federal district court joining a count for maintenance and cure with one for damages under the Jones Act, 46 U.S.C.A. § 688. The case was tried to a jury which returned a verdict for plaintiff of $5,000 under the Jones Act and maintenance and cure from August 28, 1949 until March 19, 1952. By stipulation of the parties the maintenance and cure was computed at six dollars a day, for a total of $3,354. Plaintiff moved to set aside the verdict on the Jones Act count on the ground that the damages were inadequate and for "direction of the verdict" in an adequate amount. This motion was denied and plaintiff now appeals from that ruling. Although the defendant filed a notice of cross-appeal on the maintenance and cure count, he has since abandoned that appeal and we need not consider it.

Plaintiff was injured when he slipped and fell in a passageway on the ship where he was employed as a seaman. Plaintiff contended that his fall was caused by the slipperiness of the passageway as a result of the accumulation of oil, water and grease. Defendant contended that the plaintiff tripped over a door ledge and also introduced evidence from which the jury might have found that the plaintiff had been drinking. There was no testimony by anyone who saw the plaintiff fall and land on his chin, as he claimed he did. The only immediate apparent injuries were contusions and bruises on knees, chest, shoulder and jaw. There was a sharp difference in the medical and psychiatric testimony as to the existence, nature, and extent of brain damage or other psychiatric consequences of the fall.

Plaintiff contends that the only basis on which the jury could have reached its verdict was by mitigating damages on account of contributory negligence and that this was the sole ground relied on by the trial judge in sustaining the verdict. He then argues that there was no evidence to support a finding of contributory negligence. Plaintiff further contends that the verdict was inconsistent because it awarded maintenance and cure during the entire period during which the plaintiff was hospitalized and attending clinics, but awarded damages in the Jones

Act cause of action which were less than the total loss of wages during this period.

Contrary to plaintiff's contention, it is apparent from Judge Palmieri's ruling on the motion to set aside the verdict that he sustained it not only on the theory that contributory negligence might have been found but also because of other controversies of fact. Plaintiff took no exception to any part of the charge on contributory negligence. Since there was conflicting evidence both on the extent of plaintiff's injury and on the question of contributory negligence, it is plain that the trial judge did not abuse his discretion in refusing to set aside the jury verdict. Astles v. Quaker City Bus Co., 2 Cir., 1947, 158 F.2d 979.

The judgment of the District Court is therefore affirmed.