Robert Benjamin **PARDO**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 23334.

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1966.

James D. Johnson, Jr., New Orleans, La., Walter J. Suthon, Jr., New Orleans, La., Monroe & Lemann, New Orleans, La., for appellant.

Harry F. Connick, Louis B. Merhige, Asst. U. S. Attys., New Orleans, La., Louis C. LaCour, U. S. Atty., for appellee.

Before THORNBERRY and COLEMAN, Circuit Judges, and YOUNG, District Judge.

THORNBERRY, Circuit Judge.

Pardo appeals from a judgment of conviction for having knowingly failed and neglected to report for induction into the armed forces of the United States in violation of the Universal Military Training and Services Act, 50 U.S.C.A. App. § 462.[1] The court below sentenced appel-

---

1. The statute reads in pertinent part that any person "who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title * * * or rules, regulations, or directions made pursuant to this title * * * shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not

**924**

lant to two years imprisonment.

Appellant registered with his local draft board on February 9, 1960. He was classified 1-A on March 29, 1960. Appellant's Selective Service file, introduced into evidence at trial, revealed numerous failures to comply with various orders of his draft board. On December 16, 1963, and on February 14, 1964, appellant failed to report for physical examinations ordered by his board. On both occasions he did not respond to inquiries by the board concerning his failure to appear. On July 6, 1964, appellant failed to report as ordered for induction. Consequently, his board reported him to the United States Attorney for investigation and possible prosecution as a delinquent registrant. Prosecution, however, was declined at that time so that appellant would have another opportunity to report.

On February 23, 1965, appellant finally responded to a notice to appear for examination. However, because he reported late, the examination was not completed. Appellant's Selective Service file contains a notation indicating that he was told to report again the following morning. This he failed to do. Appellant testified, however, that he was told to go home and that he would be notified when to return.

Appellant's case was again reported to the United States Attorney. For the second time prosecution was declined when appellant promised to report for induction on July 12, 1965. Once again he did not report, and his case was referred to the United States Attorney. Appellant gave two reasons for this last failure to appear. When F.B.I. agents went to his home on July 19 to question him, Pardo simply stated that he had "overslept." At trial, however, appellant testified that he had suffered an attack of asthma the morning he was to report and had telephoned the draft board to inform the board of this fact. According to appellant, he was told to procure a doctor's

certificate, but that he was unable to do so.[2] Appellant also testified that the clerk told him the case was "out of her hands" and that she could not help him. Appellant stated that he then phoned the F.B.I. office, as well as the home of Mr. Creal, the agent assigned to his case, but that his calls were never returned.

Mrs. Dauphin, the clerk of the local board, testified that on July 14 (two days after appellant was to report) someone called her to report the asthma attack. The Selective Service file notation of this call indicates that the caller was requested to report to the draft board office to discuss the matter, but failed to appear.

Appellant was indicted on July 27, 1965, and went to trial before a jury on November 2. On November 3, a verdict of guilty was returned. We AFFIRM.

Appellant's primary contention on appeal is that the district court erred in allowing admission of testimony and documentary evidence of past failures to comply with draft board orders. He asserts that such evidence was not relevant to the one violation with which he was charged and that its introduction severely prejudiced his case before the jury.

■■ As a general rule, evidence of the commission of prior separate and independent violations, even though of the same nature, is not admissible to prove commission of a later offense. E. g., Boyd v. United States, 1892, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077; Kempe v. United States, 8th Cir. 1945, 151 F.2d 680; Fabacher v. United States, 5th Cir. 1927, 20 F.2d 736; 32 C.J.S. Evidence § 579 (1964). However, there exists a well established exception to this general rule of exclusion to the effect that:

> [w]here intent and knowledge are essential elements of the crime for which a defendant is being tried, evidence of other transactions, even though criminal in nature, is admissible if the transactions are so connected with the

more than five years or a fine of not more than $10,000, or by both such fine and imprisonment * * *.

2. Appellant did not visit a doctor, and the physician whom he called refused to issue a certificate on the basis of a phone call. (R., 57-59)

offense charged that they serve to show a general pattern and to prove the necessary criminal intent or guilty knowledge.

Kowalchuk v. United States, 6th Cir. 1949, 176 F.2d 873, 878. See also Helton v. United States, 5th Cir. 1955, 221 F.2d 338; Lovely v. United States, 4th Cir. 1948, 169 F.2d 386; N.L.R.B. v. National Seal Corp., 2nd Cir. 1942, 127 F.2d 776; 32 C.J.S. Evidence § 580 (1964). This exception has been held applicable, and evidence similar to that objected·to here has been held admissible, in several cases involving § 462 violations. See Silverman v. United States, 8th Cir. 1955, 220 F.2d 36; McGregor v. United States, 4th Cir. 1953, 206 F.2d 583. As stated in the *Silverman* case:

> Defendant says the result of bringing those things into the case was to show the commission of offenses other than that charged, all to his prejudice. But all related to and had a legitimate bearing upon the crucial question—that of the defendant's intent.

220 F.2d at 39. Clearly this language applies in the present case. The only element of the alleged offense truly in dispute was appellant's state of mind.[3] Thus, the evidence would influence the jury only upon that issue, for which purpose it was relevant and admissible. In fact, evidence of prior and contemporaneous objective acts generally constitutes the only evidence available to show a person's subjective intent.[4]

Appellant also contends that the admission into evidence of his Selective Service file was improper. First, it is asserted that Rule 44, Fed.R.Civ.P., 28

U.S.C., made applicable to criminal proceedings by Rule 27, Fed.R.Crim.P., 18 U.S.C., was not complied with. Second, it is urged that the admission is allegedly improper because Col. Pritchett, the witness through whom it was introduced, was not "custodian" of the record.

Rule 44 sets out a procedure for proof of official governmental records. However, subsection (c) of the rule states:

> This rule does not prevent the proof of official records or of entry or lack of entry therein by any method authorized by any applicable statute or by the rules of evidence at common law.

Thus, a mere showing of noncompliance with the requirements of subsection (a) of Rule 44 does not establish error in the method of introduction. See Beaty Shopping Center, Inc. v. Monarch Ins. Co., 4th Cir. 1963, 315 F.2d 467, 470; Chung Young Chew v. Boyd, 9th Cir. 1962, 309 F.2d 857, 866–867; Brenci v. United States, 1st Cir. 1949, 175 F.2d 90, 93; United States v. Aluminum Co. of America, S.D.N.Y.1939, 1 F.R.D. 71, 76; 5 Moore, Federal Practice ¶44.03, at 1516 (2d ed. 1964). At common law, an official record can be properly authenticated by direct testimony of a custodian through whom the record is introduced. United States v. Ward, 2nd Cir. 1949, 173 F.2d 628, 629; 5 Moore, Federal Practice ¶44.03, at 1516 (2d ed. 1964); Wigmore, Evidence § 2158. Col. Pritchett, the attorney-advisor for the Louisiana Selective Service Headquarters, was the witness through whom appellant's Selective Service file was admitted, and he testified to its authenticity.[5] Further-

---

3. Pardo testified that he was aware of the draft board's order to report on the morning of July 12, 1965. (R., 55–56)

4. Appellant relies heavily upon Graves v. United States, 9th Cir. 1958, 252 F.2d 878. However, nothing said in that opinion supports appellant's position, and reliance upon it is simply misplaced. In *Graves*, a conviction under § 462 was reversed because the record clearly showed that the registrant had no knowledge of his duty to report for induction

on the date of the alleged violation, a fact situation quite different from the one at bar.

5. Q Colonel, do you have any documents which you were requested to bring to Court with you today?
 A I do.
 Q Would you identify them, please?
 A This is the registrant's selective service file. It contains the information that was submitted by him and by his

more, Col. Pritchett's testimony indicates that the record was properly in his custody at the time of trial, as the standard procedure is for local boards to turn records of delinquent registrants into his office.[6] Clearly, appellant's contention that the selective service file was improperly admitted is without merit.[7]

 Appellant finally contends that the evidence before the jury was insufficient to support a verdict of guilty. The applicable standard of review is whether there is "substantial evidence," —i. e., relevant evidence acceptable to a reasonable mind as adequate to support a conclusion. E. g., United States v. Hess, 10th Cir. 1965, 341 F.2d 444; Continental Cas. Co. v. Holmes, 5th Cir. 1959, 266 F.2d 269; Bolan v. Lehigh Valley R. Co., 2nd Cir. 1948, 167 F.2d 934. The only disputed issue of fact in the present case was appellant's state of mind at the time he failed to report for induction. Appellant testified that he was ill and could not report. If the jury had believed him, an adequate defense would have arisen. Since appellant is the only person truly aware of his state of mind, the government's evidence by necessity was indirect and circumstantial. Yet it would appear clear that the record contains evidence from which a jury reasonably could infer a willful neglect of the statutory duty. The government's testimony evidenced a long history of disobedience to draft board orders. Testimony of Mrs. Dauphin, the clerk of the local draft board, and Mr. Creal, the F.B.I. agent assigned to appellant's case, calls into question the validity of appellant's alleged illness. From this evidence, a jury could reasonably infer that such illness was merely an afterthought. Clearly the willful violation proscribed by § 462 could be inferred from the facts and circumstances shown by the documentary evidence and testimony in this case. In such a situation, a contention that the proof fails to sustain a finding of criminal intent is without merit.[8]

Affirmed.

---

employers and from any other source that the Board obtains its information as to each registrant, and it's a record of his classification, orders, and so forth, that were issued to the registrant, together with notations as to whether or not he complied with such orders.

\*　　\*　　\*　　\*　　\*

Q Colonel, basically this record is the sole or rather it's the complete file of all formal orders issued by the Selective Service System to the defendant Pardo, and his responses or lack of responses, as the case may be, to these formal orders of the Board; is that correct, sir?

A That's correct.

(Tr., 5–6)

6. Q How was the file concerning Mr. Pardo brought to your personal attention, sir?

A I am in charge of this record now.

Q What do you mean, you are in charge of this record?

A I received it after the last time he failed to report. When he failed to report on July 12, 1965, I requested that the record be submitted to me so that I might review it.

\*　　\*　　\*　　\*　　\*

Q Actually, however, this record is not under your supervision, is it; doesn't it usually stay with the Draft Board?

A When I request a record such as in this case, it becomes my responsibility, and it must be under my supervision \* \* \*. (Tr., 18).

7. Also without merit is any assertion that the evidence contained in the selective service file is inadmissible hearsay. Not only are such records admissible as government records under 28 U.S.C. § 1733, Yaich v. United States, 9th Cir. 1960, 283 F.2d 613, but also, as the district court indicated (Tr., 6), they are admissible as records made in the regular course of business under 28 U.S.C. § 1732. See Johnson v. United States, 9th Cir. 1960, 285 F.2d 700.

8. This same issue was raised in a similar factual context in Silverman v. United States, supra, and the court there concluded that the question of intent was clearly one for the jury.