The UNITED STATES of America, Plaintiff-Appellee,

v.

Wilton Allen PRESTON, Defendant-Appellant.

No. 27228.

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1969.

Rehearing Denied Jan. 20, 1970.

Thomas M. Ervin, Jr., Tallahassee, Fla., for appellant, Wilton Allen Preston, pro se.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before GOLDBERG, AINSWORTH and DYER, Circuit Judges.

DYER, Circuit Judge:

Appellant was charged with knowingly failing to report for a physical examination on June 6, 1967, and with knowingly failing to report for military induction on September 5, 1967, in violation of 50 U.S.C.A. App. § 462(a). A jury

acquitted him of the first offense but convicted him of knowingly failing to report for induction. His primary contention on appeal is that the evidence is insufficient to support his conviction because it fails to show a knowing failure to report, and therefore the District Court erred in denying his timely motions for acquittal, judgment notwithstanding the verdict and new trial. We find the evidence sufficient and affirm.

The evidence may be summarized as follows:

In April of 1967 the appellant, who had been living at home with his mother and brother and receiving his mail at his mother's post office box, No. 151, Chattahoochee, Florida, left home for personal reasons unrelated to the military draft, without leaving a forwarding address with either his local draft board or his family.

On May 26, 1967, the local board sent the appellant an order to report for a physical examination on June 6. The order was mailed to P.O. Box 151 in Chattahoochee and it was returned unopened to the board with a notation that the appellant had moved and had left no forwarding address.

In late May or early June appellant telephoned his mother from Detroit, Michigan, telling her what city he was in, but not where he could be reached. She told him that he had received some correspondence from his draft board and that she had returned it. He told her he would straighten it out with the board in Detroit.

On July 18 a notice of delinquency for failure to report for the physical was sent to P.O. Box 151. Government witnesses testified that it was not returned. On August 22 the local board sent appellant an order to report for induction on September 5, 1967. This, too, was addressed to P.O. Box 151. Appellant's mother and brother testified that they returned it unopened to the board. Government witnesses testified that it was never returned.

On September 19, the board in Florida received from appellant his Detroit address. On September 20 the Florida board responded by sending to appellant in Detroit a duplicate copy of the order to report for induction on September 5 together with instructions to take it to the Detroit board. In October the Florida board received back the duplicate copy of the order to report which it had mailed to appellant in Detroit on September 20. Written across the face and on the reverse side of this duplicate order were expletives such as: "Hell no, I won't go." There was expert testimony that the handwriting was appellant's. Appellant denied that he had received the copy of the order to report or that the handwriting was his. Appellant made no further effort to inform his board of his whereabouts. He was apprehended February, 28, 1968.

■ Upon this statement of the facts the issue is whether, viewing the evidence presented most favorably to the government, a reasonably-minded jury could accept the relevant and admissible evidence as adequate and sufficient to support the conclusion of defendant's guilt beyond a reasonable doubt. Sanders & Buschkotter v. United States, 5 Cir.1969, 416 F.2d 194; Jones v. United States, 5 Cir.1968, 391 F.2d 273; Weaver v. United States, 5 Cir.1967, 374 F.2d 878; Stephens v. United States, 5 Cir. 1965, 354 F.2d 999; Lambert v. United States, 5 Cir.1958, 261 F.2d 799.

Appellant contends that the evidence is insufficient to show that he had knowledge on or before September 5, 1967, of his duty to report on that date.

■ Assuming, without deciding, that appellant is correct in this contention, there is nevertheless sufficient evidence to support the conviction. Appellant's telephone conversation with his mother as early as May or June, 1967, informed him that his draft board had attempted to communicate with him. He assured his mother that he would go to the board in Detroit "and see about the situation." Belatedly having re-

ceived from appellant his Detroit address on September 19, 1967, the board on September 20 sent to him, at the Detroit address furnished by him, a duplicate copy of the order to report. The testimony of the handwriting expert that the refusal to serve written on the duplicate order was in appellant's handwriting, together with the other evidence, is sufficient to allow the jury to conclude that appellant received the duplicate order and had notice of his obligation. Having such notice, it became his continuing duty to report under Selective Service Regulation, 32 C.F.R. § 1632.14(a) which reads in part:

> Regardless of the time when or the circumstances under which a registrant fails to report for induction when it is his duty to do so, it shall thereafter be his continuing duty from day to day to report for induction to his local board and to each local board whose area he enters or in whose area he remains.

It is not necessary that the indictment have charged appellant with failure to fulfill his continuing duty to report; it is sufficient that it charged him with knowing failure to report on September 5. United States v. DeNarvaez, 2 Cir. 1969, 407 F.2d 185; Silverman v. United States, 8 Cir.1955, 220 F.2d 36.[1]

We think this case falls squarely within the Second Circuit's decision in United States v. DeNarvaez, *supra*. There, the defendant was indicted for and convicted of a knowing failure to appear for a physical examination on April 3, 1962. The conviction was sustained notwithstanding the fact that the defendant did not return from South America to the United States until after April 3 and that he may have had no notice of his duty to report until that time. The Court said that upon his return to this country he became aware of the order to report and,

> Aware that he had that responsibility, it became his continuing duty to so report. 32 C.F.R. § 1628.16(b).[2] His return to Bogota on April 23rd, after his nine days' stay in the United States, and his failure to notify his draft board clearly indicate that, knowing he had duties to the Board, he chose to ignore them. He can, therefore, reasonably be charged with knowing failure to report for physical examination on April 3, 1962. Id. at 187.

■ Appellant also claimed error in three remarks by the prosecutor during the course of the trial which allegedly confused the original order to report of August 22 with the duplicate copy sent to appellant in Detroit on September 20. It is urged that by these remarks the jury was led to believe that appellant received the original order and that the

---

1. We do not think a different result is required by Graves v. United States, 9 Cir. 1958, 252 F.2d 878, in which there was language that there can be no conviction for violation of a continuing duty to report where the indictment charges only a failure to report at a specific time. The failure of the indictment to charge a continuing offense was an alternative ground of decision there. Furthermore, the *Graves* case distinguished *Silverman* on the ground that the defendant there (as in the instant case) obtained actual knowledge of his duty to report. It is significant that *Graves* did not purport to overrule *Silverman*.

However, if *Graves* can be read as requiring the indictment to charge a continuing offense in all cases before a conviction therefor can be returned, then we respectfully disagree with the Ninth Circuit and follow the approach taken by the Eighth and Second Circuits in *Silverman* and *DeNarvaez* respectively.

2. The pertinent part of 32 C.F.R. § 1628.16(b) relied on by *DeNarvaez* is nearly identical in language to 32 C.F.R. § 1632.14(a) which is quoted above and upon which we rely. It provides:

> Regardless of the time when or the circumstances under which a registrant fails to report for armed forces physical examination when it is his duty to do so, it shall thereafter be his continuing duty from day to day to report for armed forces physical examination to his local board and to each local board whose area he enters or in whose area he remains.

refusal to serve in the armed forces was written on that order and not on the duplicate copy which was mailed to appellant after the day he was to report. These three instances which appellant now asserts as the basis of prejudice were not objected to either individually as they occurred or collectively. When there are no objections at the trial level, only "plain error" will be noticed on appeal. Sykes v. United States, 5 Cir. 1966, 373 F.2d 607, cert. denied, 386 U. S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138. We have examined the record and have found no "exceptional circumstances," Eaton v. United States, 5 Cir.1968, 398 F.2d 485, 486, cert. denied, 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273 and no error so "[s]pectacular * * * and so evident on the face of the record so that it is bound to be brought up later," Rivers v. United States, 5 Cir.1968, 400 F.2d 935, 939, which would bring the remarks here in question within the "plain error" rule.

The judgment is

Affirmed.